[Civ. No. 1816. First Appellate District.—May 15, 1916.]

## ERNEST CLAXTON, Respondent, v. THE AMERICAN CASUALTY COMPANY (a Corporation), Appellant.

ACCIDENT INSURANCE LAW—CONSTRUCTION OF POLICY.—The clause in a policy of insurance providing indemnity for loss of life, limb, sight, or time by accidental means, and loss of time by sickness to the extent therein provided, which provides that "if such bodily injury alone shall, directly and independently of all other causes, immediately, continuously, and totally disable and prevent the insured from performing any and every kind of duty pertaining to his business or occupation, and if during the period of such continuous and total disability shall result in any one of the losses specified in Part I hereof, the company will pay the sum specified for such loss, and in addition will pay the weekly indemnity as provided in Part II from the date of the accident to the date of such loss," does not limit the liability of the company to cases where the accident was so severe as to "immediately and continuously" disable and prevent the insured from performing the duties pertaining to his business or occupation, but such clause is intended to provide for two modes of indemnity to injured policy-holders: one, the payment of a stipulated sum for the loss of a member; the other an indemnity in the form of weekly benefits to be paid the injured person during the period of his inability to attend to his business or occupation resulting from the injury, and extending from the date of such injury to the date of the loss of the injured member.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

W. C. Sharpstein, for Appellant.

McClanahan & Derby, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor in an action for the recovery of an amount alleged to be due upon an accident insurance policy for the loss of an eye. The only question presented is as to whether the complaint states a cause of action.

The complaint set forth the policy of insurance in full, and then proceeded to aver that while it was in effect the plaintiff suffered an accidental injury to one of his eyes which for several days thereafter seemed trivial and did not give him much concern, but which gradually developed into a cataract which destroyed the sight of his eye. The policy of insurance as shown by its heading "provides indemnity for loss of life, limb, sight or time by accidental means, and loss of time by sickness to the extent herein provided." In the body of the policy there is a provision that for the loss of both eyes the sum of five thousand dollars, and for the loss of one eye the sum of two thousand five hundred dollars shall be payable. The policy also contains the following clause: "Part I.—If such bodily injury alone shall, directly and independently of all other causes, immediately, continuously and totally disable and prevent the insured from performing any and every kind of duty pertaining to his business or occupation, and if during the period of such continuous and total disability shall result in any one of the losses specified in Part I hereof, the company will pay the sum specified for such loss, and *in addition will pay* the weekly indemnity as provided in Part II from the date of the accident to the date of such loss."

There are other clauses in the policy providing that for total disability the sum of $25 per week shall be payable during the period of such continuous total disability not resulting in total loss, and that for partial disability a gradual payment shall be made depending upon the extent of the disability for a period not exceeding 52 consecutive weeks.

It is the contention of the appellant that the provision of the policy above quoted *in haec verba* limits the liability of the defendant to cases where the accident "immediately and continuously" disables and prevents the insured from per-

forming the duties pertaining to his business or occupation; and that since in this case the complaint shows affirmatively that the accident and injury did not immediately or continuously cause the total loss of sight in the plaintiff's injured eye, he cannot recover under the provisions of his policy, and hence that his complaint did not state a cause of action.

We cannot give our assent to such a narrow and limited interpretation of this insurance policy. Read as a whole it is evident that it was intended to provide for two modes of indemnity to injured policy-holders: one, the payment of a stipulated sum for the loss of an eye; the other an indemnity in the form of weekly benefits to be paid the injured person during the period of his inability to attend to his business or occupation resulting from the injury and extending from the date of such injury to the date of the loss of the injured member. So construed, the terms of this policy are reasonable and consistent; while on the other hand, to give the quoted clause the meaning which the appellant claims for it would be to limit the operation of the policy to cases where the accident was so severe as to immediately and continuously deprive the insured of the sight of his eye and thus practically immediately create the loss. The use of the words "in addition" in the quoted passage clearly indicates the distinction to be observed between the terms "disability" and "loss" in this policy; and also serves to show that the intended scope of said provision was to define the conditions under which disability benefits would be payable, but not to prescribe the condition under which the lump sum payable for the loss of the plaintiff's eye should be due.

It follows from this broader and more reasonable and consistent construction of the policy that the complaint states a cause of action.

Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 13, 1916.